No.——

First Circuit

---

DUCRE v. BAGUR

---

(June 12, 1928.  Opinion and Decree.)
(June 20, 1928.  Rehearing Refused.)

---

(*Syllabus by the Editor*)

1. Louisiana Digest—Trespass—Par. 2, 9.
Where an adjoining land-owner, believing a cabin to be on his land, allows a family to live in it and repairs it, he is not liable for damages for trespass because he believed the cabin belonged to him and improved its condition.

Appeal from the Parish of St. Tammany. Hon. Prentiss B. Carter, Judge.

Action by Simon Ducre against Jules Bagur.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Hiddleston Kenner, of New Orleans, attorney for plaintiff, appellant.

Miller and Heintz, of Covington, attorneys for defendant, appellee.

ELLIOTT, J.  Simon Ducre claims of Jules Bagur $500.00 damages. He alleges that during his absence defendant entered on his land and committed trespass by illegally and wrongfully taking possession of the same; but the petition does not allege any injury done.

The defendant, Bagur, for answer, alleges that he bought a tract of land adjoining plaintiff. That a colored family asked his permission to occupy a small dilapidated house, which had not been occupied for more than a year, and which he believed at the time was situated on his land. That believing the house was on his land, he consented for them to occupy it. That it was in such bad condition at the time that it was necessary to repair it before it could be occupied. That he furnished the colored family some lumber for the purpose, and they repaired it, and moved into it. That after they had stayed there about three weeks he received notice from plaintiff that the house belonged

to him, upon which he caused the family to move out. That the house was not damaged, but was improved by the family that had occupied it. He prayed for the rejection of plaintiff's demand and the lower court after hearing the evidence did so.

We are satisfied from the evidence that the defendant, in giving the colored family permission to occupy the house, believed that it was on his land and acted. The house is in fact on plaintiff's land, but near the line between his land and that of defendant. It had not been occupied for a year or more and had become almost unfit for human habitation, a rendezvous for goats. The defendant furnished materials and the colored family made it habitable.

A trespass is when a party enters, knowing that he has no right. Defendant's act, was, therefore, no trespass, because he believed at the time the house belonged to him. He learned otherwise when he received plaintiff's notice. The surveyor who had surveyed defendant's land informed him upon inquiry, that the house was just over the line on the land of the plaintiff, upon which he caused the family that had moved into it, to move out.

The house was not damaged, but was left in better condition than it was when the family went into it.

Since the act of the defendant has not damaged the plaintiff, there is no ground upon which to condemn him to pay damages on account of the occupation of the house.

The judgment appealed from is correct.

Judgment affirmed, plaintiff and appellant to pay the costs in both courts.